```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

|                |   |                              |
|----------------|---|------------------------------|
| KHIREY LEWIS   | : |                              |
|                | : |                              |
| v.             | : | Civil Action No. DKC 25-1015 |
|                | : |                              |
| DIDLAKE, INC.  | : |                              |
|                | : |                              |

**MEMORANDUM OPINION**

Plaintiff Khirey Lewis ("Plaintiff") filed a Complaint in the District Court of Maryland for Prince George's County on February 19, 2025, alleging "wrongful termination, discrimination based on disability, and failure to accommodate under the Americans with Disabilities Act (ADA)." Defendant Didlake, Inc. ("Defendant") was served on February 26, 2025, and removed the case to this court on March 27, 2025, asserting that this court has original jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts a claim which arises under the Constitution or laws of the United States of America, namely, the Americans with Disability Act ("ADA"), 42 U.S.C. §§ 12101 et seq.  (ECF No. 1). Defendant filed a motion to dismiss the case on April 3, 2025, which will be adjudicated in due course.  (ECF No. 8).  Plaintiff moved to remand the case to state court and to seal his medical

records on April 10, 2025.[1] (ECF Nos. 11, 13). Defendant filed a response in opposition. (ECF No. 18). Plaintiff has not filed a reply. For the following reasons, Plaintiff's motion to remand will be denied and his motion to seal will be granted.

    **A.   Plaintiff's Motion to Seal**

The court issued an Order on March 28, 2025, directing the Clerk to seal temporarily medical and financial records attached to the Complaint at ECF No. 1-2, pp. 16-22 and provided Plaintiff fourteen (14) days to submit a motion to seal. (ECF No. 7). Plaintiff timely moved to seal the subject records contending that there are no viable alternatives to sealing the records that would protect his privacy.[2]

Plaintiff's motion to seal will be granted. Upon careful consideration, any alternative to sealing the requested documents such as redacting identifying and other sensitive information would be burdensome and so extensive that it would render meaningless anything revealed.

---

[1] Plaintiff filed his first motion to remand and to seal medical records on April 10, 2025. (ECF No. 11). He re-filed the motion on April 11, 2025, with additional documentation attached. (ECF No. 13).

[2] Plaintiff's motion to seal specifically requests that the records at ECF No. 12, pp. 16-22 be sealed. However, the subject records are docketed at ECF No. 1-2, pp. 16-22 and ECF No. 3-2.

## B. Plaintiff's motion to remand

Plaintiff asserts that "the state court has the appropriate jurisdiction over this matter" and attaches various papers including medical documentation, an EEOC right to sue letter, MetroAccess information, and emails. Defendant argues that the case was removed properly in that all Plaintiff's claims involve a federal question. (ECF No. 18).

Under 28 U.S.C § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004). On a motion to remand, the court must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court," indicative of the reluctance of federal courts "to interfere with matters properly before a state court." *Barbour v. Int'l. Union*, 640 F.3d 599, 615 (4th Cir. 2011) (en banc), *abrogated by statute on other grounds* by 28 U.S.C. § 1446(b)(2)(B).

Pursuant to § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question

jurisdiction arises only from "those cases in which a well-pleaded complaint establishes either that federal law creates a cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question to federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Plaintiff's Complaint alleges wrongful termination, discrimination based on disability, and failure to accommodate under the ADA, a federal statute.  His desire to proceed in state court is not a proper basis to remand a properly-removed action. Accordingly, Plaintiff's motion to remand will be denied.

### C. Motion to Dismiss and other matters

To date, Plaintiff has not filed a formal response to Defendant's motion to dismiss.  (ECF No. 8).  The materials submitted are not responsive and will not be considered as an opposition.  Plaintiff will be provided additional time to respond and, to aid him in preparing his response, the Clerk will be directed to re-mail to Plaintiff the motion to dismiss (ECF No. 8) and the court's notice (ECF No. 9).  Plaintiff also seems to assume that a hearing previously set in the District Court of Maryland for Prince George's County on June 23, 2025, at 8:45 a.m. is on this court's schedule.  It is not.  No hearings have been set.

For the foregoing reasons, Plaintiff's motion to seal will be granted and the motion to remand denied.  A separate order will follow.

                                                     /s/
                              DEBORAH K. CHASANOW
                              United States District Judge